IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**

MARISOL MARRERO,　　　　　　　　　　　CASE NO.:

　　　　　Plaintiff,
vs.

TARGET CORPORATION, a
foreign profit corporation,

　　　　　Defendant.
_____/

# COMPLAINT

Plaintiff, MARISOL MARRERO, by and through undersigned counsel, brings this action against the Defendant, TARGET CORPORATION, and alleges as follows:

**GENERAL ALLEGATIONS AS TO ALL COUNTS**

1.　　This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorney's fees and is within the exclusive jurisdiction of this Honorable Court. In the event Defendant seeks to remove this action to Federal Court, Plaintiff does not object to such removal and asserts that the matter in controversy does exceed the diversity jurisdiction threshold of $75,000.00.

2.　　Plaintiff is a resident of Broward County, Florida, and is otherwise sui juris.

3.　　At all times material hereto, Defendant, TARGET CORPORATION, was and is a foreign profit corporation, with an agent or other representative in Broward County, Florida and doing business in Broward County, Florida.

4.　　At all times material hereto, the Defendant, TARGET CORPORATION, owned, and/or managed, and/or operated, and/or maintained and/or controlled that certain store located at

16901 Miramar Parkway, Miramar, Florida, in Broward County.

5. On or about December 15, 2018, while walking down an aisle and pushing a shopping cart, Plaintiff slipped and fell due to liquid on the floor.

## COUNT I – NEGLIGENCE OF DEFENDANT

All allegations contained in Paragraphs 1 through 5 above are realleged and incorporated herein.

6. On or about December 15, 2018, the Plaintiff, MARISOL MARRERO, was lawfully on the Defendant's premises as a customer.

7. At the aforesaid time and place, Defendant, was negligent in one or more of the following ways:

    A. by failing to make the dangerous and unsafe condition safe; and/or

    B. by causing and/or failing to correct the dangerous condition; and/or

    C. by failing to warn the public, including the Plaintiff, of the dangerous and unsafe condition of its flooring in the common walking area where there existed liquid; and/or

    D. by failing to properly designate with signage of the dangerous, unreasonably slippery condition of the flooring (when wet); and/or

    E. by failing to provide appropriate non-skid surface material (mats, rugs, etc.) that were in safe condition over the subject flooring;

    F. by failing to make timely detailed inspections that would have discovered the dangerous and unsafe condition; and/or

    G. by failing to properly inspect and correct a known hazard and/or ongoing problem; and/or

    H. by failing to maintain its property in a reasonably safe condition; and/or

    I. by failing to act when they knew or should have known of the dangerous condition; and/or

2

J.      by ignoring an unsafe and dangerous condition they caused, knew about or should have known about; and/or

K.      by failing to implement appropriate modes of business operations designed to prevent, discover, and/or ameliorate said dangerous condition; and/or

L.      was otherwise negligent at the time and place complained of.

8. As a result of the above-mentioned dangerous condition, Plaintiff, MARISOL MARRERO, was caused to slip and fall on the wet floor at Defendant's premises and sustained injuries as a direct and proximate result of the Defendant's negligence and/or the negligence of Defendant's employees, agents, and/or servants.

9. The Defendant's acts, omissions, and conduct proximately caused and/or substantially contributed to the Plaintiff's slip and fall accident resulting in injuries.

10. By and through its employees, agents and servants, the above described negligent condition was actually known to Defendant and/or had existed for a sufficient length of time so that Defendant should have known of such condition.

11. At all times material hereto, the Defendant owed a duty to the public, and specifically, to Plaintiff to keep the premises in a reasonably safe condition, warn of any dangerous conditions, make reasonable inspections to discover any dangerous conditions and thereafter make them safe.

12. The Defendant breached the duty owed to Plaintiff in the manner described in Paragraph 7, and/or by failing to maintain their premises in a safe condition and/or by failing to post warnings notifying the Plaintiff of the known dangerous condition and/or to remove said condition and/or to take reasonable precautions and/or to implement reasonable modes of business operations to prevent/ameliorate it.

13. The Defendant further breached the duty owed to Plaintiff by failing to inspect and/or

remove the dangerous condition which the Defendant controlled, knew existed, created, should have known existed and/or had knowledge greater than that of Plaintiff regarding its existence, where Defendant knew or should have known that said condition would present an unreasonable risk of harm to a customer/invitee such as Plaintiff.

14. The Defendant further breached the duty owed to Plaintiff by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises.

15. As a direct and proximate cause of the Defendant's negligence as aforesaid, the Plaintiff slipped and fell on the wet floor in the store.

16 As a direct and proximate result of the fall, Plaintiff suffered bodily injury, and resulting pain and suffering, surgery, hospitalization, permanent disability and/or permanent impairment, aggravation of a pre-existing condition, mental anguish, loss of the capacity for the enjoyment of life, inconvenience and the expense of medical care and treatment.

17. The losses are continuing and permanent. The Plaintiff will suffer additional losses in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant plus Court costs and further demands a trial by jury of all issues so triable.

**DATED: September 30, 2020**

        WEINSTEIN & COHEN, P.A.
        Attorneys for Plaintiff
        Oaks Plaza - Suite 400
        14125 NW 80th Avenue
        Miami Lakes, Florida 33016
        (305) 374-1011 Dade
        (305) 373-8127 E-Fax
        Designated E-service: eservice@weinsteincohen.com

BY:   /s/ Judson L. Cohen
      JUDSON L. COHEN
      Florida Bar No. 948748